## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**LEONARDO MEDINA-MERCADO,**

        Plaintiff,

vs.                                CASE NO._____

**EQUIFAX INFORMATION
SERVICES LLC,**
        Defendant.
_____/

## **COMPLAINT**
## **DEMAND FOR A JURY TRIAL**

## **INTRODUCTION**

1. Defendant, Equifax Information Services LLC ("Equifax") knowingly continues to include false identifying information in Plaintiff's consumer file and continues to prepare consumer reports containing that false biographical information in violation of Plaintiff's civil rights under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("the FCRA").

2. Despite receiving no less than 8 disputes from Plaintiff regarding the false identifying information, Defendant, Equifax refuses to modify the information in Plaintiff's credit file and continues to prepare consumer reports concerning the Plaintiff that contain the inaccurate information in violation of the FCRA.

3. Prior to retaining counsel, Plaintiff attempted in good faith to resolve this matter directly with Defendant to no avail.

4. After nearly a year of disputing, Plaintiff gave up and filed this lawsuit.

5. As a result of Defendant's failure to modify the inaccurate information, Plaintiff has repeatedly been denied credit.

## JURISDICTION AND VENUE

6. This Court has federal question jurisdiction over Plaintiff's FCRA claims pursuant to 28 U.S.C. § 1331.

7. Venue in this District is proper as Defendant engages in substantial business activity in this District, and a substantial part of the events or omissions giving rise to the claim occurred within this District, 28 U.S.C. § 1391(b).

## PARTIES

8. Plaintiff, Leonardo Medina-Mercado ("Plaintiff") is a natural person and a citizen of the State of Florida, residing in the Middle District of Florida.

9. Plaintiff is a consumer as that term is defined by the FCRA, 15 U.S.C. § 1681a(c).

10. Defendant, Equifax is a is a foreign limited liability company organized under the laws of the State of Georgia with its principal place of business and corporate offices in Atlanta, Georgia.

11. Equifax is registered to conduct business in the State of Florida and its registered agent is Corporation Service Company, 1201 Hays Street Tallahassee, FL 32301-2525.

12. Equifax is a "consumer reporting agency" as defined by the FCRA, 15 U.S.C. § 1681a(f).

## GENERAL ALLEGATIONS

### The FCRA

13. The FCRA is a federal statute designed to protect consumers from the harmful effects of inaccurate information contained in their consumer credit reports. Thus, Congress enshrined the principles of "fair and accurate credit reporting" and the "need to ensure that consumer reporting agencies exercise their grave responsibilities with fairness" in the very first provision of the FCRA. *See* 15 U.S.C. § 1681a.

14. To that end, the FCRA imposes the following twin duties on consumer reporting agencies ("CRAs"): (i) CRAs must assure *maximum possible accuracy* of information when preparing consumer reports, and set up reasonable procedures to maintain compliance with this standard, 15 U.S.C. § 1681e(b) (emphasis added); and (ii) CRAs must reinvestigate the facts and circumstances surrounding a consumer's dispute of any item of information contained in the consumer's file and timely correct any inaccuracies, 15 U.S.C. § 1681i(a).

15. The Consumer Financial Protection Bureau (the "CFPB") has noted that despite having an obligation to maintain the accuracy of consumer data "experience indicates that [CRAs] lack incentives and under-invest in accuracy." CFPB, Supervisory Highlights Consumer Reporting Special Edition: Issue 14, Winter 2017, at p. 21 (Mar. 2017) (available at

https://files.consumerfinance.gov/f/documents/201703_cfpb_Supervisory-Highlights-Consumer-Reporting-Special-Edition.pdf).

16. A person who willfully or negligently fails to comply with the FCRA is subject to civil liability. *See* 15 U.S.C.A. §§ 1681n-1681o.

## **PLAINTIFF'S FACTUAL ALLEGATIONS**

17. On or about February 2022, Plaintiff attempted to refinance his home and was denied due to inaccurate information in his consumer file maintained by Equifax.

18. Specifically, Plaintiff was denied because his consumer file maintained by Equifax contained a false date of birth. (Hereinafter, the "Inaccurate Information.")

19. The inclusion of this Inaccurate Information in consumer reports prepared and disseminated by Equifax caused Plaintiff to repeatedly be denied credit.

20. Plaintiff repeatedly disputed the Inaccurate Information contained in his credit file with Equifax.

21. Plaintiff has provided Equifax with a copy of his driver's license and birth certificate showing his correct date of birth.

22. Equifax, however, refuses to delete the Inaccurate Information from Plaintiff's credit file and continues to prepare consumer reports regarding the Plaintiff that contain the Inaccurate Information.

23. Between February 19, 2022 and March 12, 2022, Plaintiff filed multiple disputes on Equifax's website, identifying the Inaccurate Information, stating his date

of birth was incorrect, that his date of birth is not January 13, 1977 and that his correct date of birth is January 27, 1977.

24. Equifax marked each dispute as completed the same or next day from when the dispute was filed.

25. Equifax did not update Plaintiff's date of birth in his consumer file and continued to prepare consumer reports regarding the Plaintiff that contained the Inaccurate Information.

26. Plaintiff filed yet another dispute with Equifax on April 29, 2022 identifying the Inaccurate Information, stating his date of birth was incorrect, that his date of birth is not January 13, 1977 and that his correct date of birth is January 27, 1977.

27. On April 29, 2022, Equifax responded to the dispute stating that the January 13, 1977 birthday had been deleted from his file.

28. However, Plaintiff later learned that Equifax continued to prepare consumer reports regarding the Plaintiff that contained the Inaccurate Information.

29. On October 27, 2022, Plaintiff again disputed the Inaccurate Information on Equifax's website.

30. Equifax once again failed to delete the Inaccurate Information from Plaintiff's consumer file and continued to prepare consumer reports regarding the Plaintiff that contained the Inaccurate Information.

31. On December 21, 2022, Plaintiff obtained an updated copy of his Equifax credit report which showed his date of birth listed as January 13, 1977 and not January 27, 1977.

32. Equifax continued and continues to prepare consumer reports regarding the Plaintiff that contain the Inaccurate Information.

33. Equifax failed to conduct a reasonable investigation.

34. Equifax failed to review and consider all relevant information submitted by Plaintiff.

35. Equifax's reinvestigations of Plaintiff's disputes were not conducted in good faith.

36. Importantly, Equifax possessed evidence—the driver's license and copy of his birth certificate—that the Information was inaccurate as described in Plaintiff's dispute. Notwithstanding, Equifax failed to correct the information.

37. If Equifax ever actually deleted the Inaccurate Information in response to Plaintiff's disputes, Equifax improperly allowed the Inaccurate Information to be reinserted into Plaintiff's consumer file.

38. Equifax never notified Plaintiff that it was reinserting the Inaccurate Information.

39. Equifax did not maintain reasonable procedures designed to prevent reappearance of the Inaccurate Information into Plaintiff's consumer file.

40. By deviating from the standards established by the credit reporting industry and the FCRA, Equifax acted with a reckless disregard for its duties to report accurate and complete consumer credit information.

41. It is Equifax's regular business practice to continually report disputed information without taking the required investigatory steps to meaningfully verify such information as accurate.

42. Equifax's non-compliance with the requirements of the FCRA is indicative of the reckless, willful, and wanton nature of its conduct in maintaining Plaintiff's credit files and reporting his credit information accurately.

43. Equifax acted reprehensively and carelessly by reporting and re-reporting Plaintiff's date of birth incorrectly after Plaintiff put Equifax on notice that his date of birth was not January 13, 1977 and that his correct date of birth is January 27, 1977.

44. Equifax has exhibited a pattern of refusing to correct errors in consumer credit files despite being put on notice of patently false and materially misleading information contained in such files, ultimately valuing its own bottom line above its grave responsibility to report accurate data on consumers.

### Plaintiff's Damages

45. The Inaccurate Information has caused Plaintiff to be denied credit.

46. As a result of the inaccurate credit reporting, Plaintiff has suffered damages including, but not limited to: (i) monies lost attempting to fix his credit; (ii) loss of time attempting to cure the errors; (iii) mental anguish, added stress,

aggravation, and other related impairments to the enjoyment of life; (iv) reduction in credit score; and (v) apprehensiveness to apply for credit due to fear of rejection.

47. Additionally, as a result of Defendant's actions, Plaintiff suffered emotional distress, anxiety, inconvenience, frustration, annoyance, and fear believing that despite the fact that the Equifax, agreed to update Plaintiff's date of birth and did not, and despite Plaintiff's dispute efforts, Plaintiff must endure the erroneous and inaccurate reporting of his date of birth.

48. As a result of Defendant's actions, Plaintiff was forced to retain counsel to correct the inaccuracies in his Equifax credit file.

49. As a result of Defendant's conduct, Plaintiff has suffered concrete injuries. *See Losch v. Nationstar Mortg.*, 995 F.3d 937, 942-43 (11th Cir. 2021) (holding that the reporting of false credit information to third parties constitutes a concrete injury as does emotional distress and time spent contesting the inaccurate information); *Pinson v. JPMorgan Chase Bank*, 942 F.3d 1200, 1207 (11th Cir. 2019) ("We have held that the time spent by a person attempting to correct a false credit report constitutes a concrete injury for purposes of an FCRA claim.") (citing *Pedro v. Equifax, Inc.*, 868 F.3d 1275, 1280 (11th Cir. 2017) ("Pedro also alleged a concrete injury because she alleged that she 'lost time ... attempting to resolve the credit inaccuracies.")).

## COUNT I
### FAILURE TO ENSURE MAXIMUM POSSIBLE ACCURACY IN VIOLATION OF THE FCRA, 15 U.S.C. § 1681e(b)

50. Plaintiff incorporates Paragraphs 1 through 49 above as if fully set forth herein.

51. On at least one occasion within the past two years, by example only and without limitation, Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

52. Equifax's procedures were per se deficient by reason of these failures in ensuring maximum possible accuracy of Plaintiff's credit reports and credit files.

53. Equifax's actions in violation of 15 U.S.C. § 1681e(b) were willful, rendering it liable for actual or statutory damages as well as punitive damages as the Court may allow and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. Alternatively, Equifax's actions constitute negligent noncompliance with the FCRA rendering it liable for actual damages as well as attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant, Experian for:

    a. Actual damages;

    b. Statutory damages;

    c.    Punitive damages;

    d.    Attorney's fees, litigation expenses and costs of suit; and

    e.    Such other or further relief as the Court deems proper.

## COUNT II
## FAILURE TO FOLLOW REASONALBE PROCEDURES IN CASE OF DISPUTED INFORAMTION
## IN VIOLATION OF THE FCRA, 15 U.S.C. § 1681i(a)

54. Plaintiff incorporates Paragraphs 1 through 49 above as if fully set forth herein.

55. On at least one occasion within the past two years, by example only and without limitation, Equifax violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation with respect to the disputed Information.

56. On at least one occasion within the past two years, by example only and without limitation, Equifax violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by the Plaintiff with respect to the disputed Information.

57. On at least one occasion within the past two years, by example only and without limitation, Equifax violated 15 U.S.C. § 1681i(a)(5) by failing to delete the Inaccurate Information or by improperly allowing the reinsertion of the Inaccurate Information after deletion.

58. On at least one occasion within the past two years, by example only and without limitation, Equifax violated 15 U.S.C. § 1681i(a)(5) by failing to

maintain reasonable procedures designed prevent the reappearance of the Inaccurate Information in Plaintiff's consumer file.

59.  Equifax's actions in violation of 15 U.S.C. § 1681i(a) were willful, rendering it liable for actual or statutory damages as well as punitive damages as the Court may allow and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. Alternatively, Equifax's actions constitute negligent noncompliance with the FCRA rendering it liable for actual damages as well as attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant, Experian for:

    a.    Actual damages;

    b.    Statutory damages;

    c.    Punitive damages;

    d.    Attorney's fees, litigation expenses and costs of suit; and

    e.    Such other or further relief as the Court deems proper.

## **JURY DEMAND**

Plaintiff demands trial by jury.

**[Attorney Signature Block on Following Page]**

By: /s/ *Kimberly H. Wochholz*
Kimberly H. Wochholz – Lead Counsel
Fla. Bar No. 0092159
The Consumer Rights Law Group, PLLC
P.O. Box 5326
Sun City Center, FL 33571
Phone: 813-413-5710
Fax: 866-535-7199
Kim@ConsumerRightsLawGroup.com
*Counsel for Plaintiff*